UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAHMOUD SALAMEH, independently
and as Special Administrator of the
Estate of ABDELWADOUD M. JEBRIN,
Deceased, and AIDA SALAMEH,

          Plaintiffs,

    v.

MTF CLUB OPERATIONS COMPANY, INC.
d/b/a LIFE TIME FITNESS, INC.,

          Defendant.

No. 21 CV 4080

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Abdelwadoud M. Jebrin died at a Life Time Fitness gym. Mahmoud Salameh, Jebrin's son and the administrator of his estate, and Aida Salameh, Jebrin's wife, sued Life Time in Illinois state court. Life Time removed the case to federal court on the basis of diversity jurisdiction. Soon after, plaintiffs amended their complaint as a matter of course to add a non-diverse defendant, the general manager of the facility where Jebrin died. They now move to remand the case to state court, arguing that the joinder destroyed diversity jurisdiction. I deny joinder and deny the motion to remand.

## I.    Jurisdiction and Removal

Federal courts have subject-matter jurisdiction over disputes between diverse citizens (where the amount in controversy exceeds $75,000). 28 U.S.C. § 1332. This jurisdiction is construed narrowly; the parties must be completely diverse from each other. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). When a plaintiff

files a case in state court that could have been filed originally in federal court, the defendant can remove the case to federal court. 28 U.S.C. § 1441(a). But if, at any time, it appears that the federal court lacks subject-matter jurisdiction over the case, it must remand the case to state court. 28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## II. Facts

Abdelwadoud M. Jebrin died at a Life Time Fitness health club in 2019. [1-1 ¶ 11].[1] A little less than two years later, Mahmoud Salameh, Jebrin's son and the administrator of his estate, and Aida Salameh, Jebrin's wife, sued Life Time in the Circuit Court of Cook County under the Illinois Wrongful Death Act, 740 ILCS 180/1, and Family Expense Act, 750 ILCS 65/15, respectively. *Id.* ¶¶ 15, 22. Mahmoud and Aida Salameh are citizens of Illinois. [1] at 3. Life Time is incorporated and has its principal place of business in Minnesota. *Id.* Plaintiffs filed their original complaint on July 16, 2021, two days before the statute of limitations expired. [1-1]. On July 30, they filed a motion for leave to amend the complaint in state court. [16] Ex. A. In that motion, they explained that they planned to add as a defendant Jonathan Bober, the general manager of the Life Time Fitness facility where Jebrin died. *Id.* ¶ 2. Bober, like Mahmoud and Aida Salameh, is domiciled in Illinois. *See* [10] ¶ 9. On the same day, July 30, Life Time Fitness filed a notice of removal, [1], and removed the case to

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. Facts are taken from the notice of removal, [1]; the original complaint, [1-1]; and the amended complaint, [10].

federal court before the state court had decided whether plaintiffs could add Bober as a defendant. Once in federal court, plaintiffs filed an amended complaint, naming Bober as a defendant, under Federal Rule of Civil Procedure 15(a)(1). [10]. The amended complaint was filed on August 3, 2021, *id.*, outside the statute of limitations for Illinois Wrongful Death and Family Expense Act suits.[2]

Plaintiffs now move to remand this case to state court. [16]. They argue that joining Bober to the suit destroyed diversity jurisdiction. This court therefore no longer has subject-matter jurisdiction over the case, they say, and must remand it.

### III. Analysis

#### A. Section 1447(e) and Rule 15(a)

Under 28 U.S.C. § 1447(e), when a plaintiff seeks to join a non-diverse defendant after removal of a case to federal court, the court has two options: it can deny joinder and retain the case, or permit joinder and remand the action to state court. That choice is an exercise of discretion. *See Schur*, 577 F.3d at 759, 763–64. Section 1447(e) usually comes up when a plaintiff has filed a motion to join or amend, and the court, in turn, has had an opportunity to grant or deny the motion. But under Rule 15(a)(1), there is a window of time for a plaintiff to join a party without asking for permission. Specifically, Rule 15(a)(1) allows amendment without leave within 1)

---

[2] Also on August 3, but two minutes before plaintiffs filed their amended complaint, Life Time filed a motion for summary judgment. [9]; [10]. That motion is directed against the original complaint and relies on the original complaint for one of its assertions of material fact. [12] ¶ 3. But the amended complaint replaced the original complaint, and the amended complaint is the operative pleading. *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890 (7th Cir. 2016). Although the arguments raised in the motion for summary judgment are likely to be the same against the amended complaint, to avoid confusion, I deny the motion without prejudice to its renewal against the operative complaint.

twenty-one days of the original complaint being served, or 2) twenty-one days of a responsive pleading being served (if the pleading requires a responsive pleading). Fed. R. Civ. P. 15(a)(1). If the amendment joins a non-diverse party, and thus destroys subject-matter jurisdiction, the court loses authority over the case. In a removed case, that would force a district court to remand the case to state court without having determined whether joinder was even proper in the first place. *See Schur*, 577 F.3d at 762.

To prevent a plaintiff from using Rule 15(a)(1) to divest a court of jurisdiction over a removed case that properly belongs in federal court, it makes sense to invoke the authority of § 1447(e) to review joinder after amendment. *See id.* (discussing with approval *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999)).

## B.    Section 1447(e) Factors

Four factors guide a district court's post-removal decision under 1447(e): 1) the plaintiff's motive in seeking joinder, 2) the timeliness of the plaintiff's request to amend, 3) whether the plaintiff will be significantly injured if joinder is denied, and 4) other equitable considerations. *Id.* at 759.

### 1.    *Motive*

The motive prong of the § 1447(e) analysis asks whether the plaintiff's "purpose [in joining a non-diverse defendant] is to defeat federal jurisdiction." *Id.* The doctrine of fraudulent joinder aids that analysis. Fraudulent joinder is not directly applicable to the post-removal context, *id.* at 763–64, but it is "another element of the district court's flexible, broad discretionary approach" to resolving post-removal joinder of a non-diverse defendant under § 1447(e). *Id.* (quoting *Mayes*, 198 F.3d at

4

463). It is also "not dispositive of whether joinder is improper; it is simply another tool … for scrutinizing the plaintiff's motive." *Ali v. Volkswagen Grp. of Am., Inc.*, 2020 WL 5250669, at *2 (N.D. Ill. Sept. 3, 2020) (quoting *Schur*, 577 F.3d at 764).

A court can find fraudulent joinder in one of two situations: when there is "no possibility" that the plaintiff's claim against the non-diverse defendant can succeed in state court on remand, or "where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (citation omitted). A defendant faces a "heavy burden" in proving fraudulent joinder. *Schur*, 577 F.3d at 764.

Life Time does not claim that plaintiffs committed "outright fraud" by misrepresenting Bober's citizenship in the pleadings. Instead, Life Time says that plaintiffs' claims against Bober have "no chance of success in state court," [18] at 1, because the claims were filed outside the statute of limitations and do not relate back to the first complaint. *Id.* at 3–5.

Because subject-matter jurisdiction here is based on diversity of the parties, state substantive law, including statutes of limitation, applies. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110–11 (1945). Under the Illinois Wrongful Death and Family Expense Acts, plaintiffs have two years after a cause of action accrues to file suit (with some exceptions that are irrelevant here). 740 ILCS 180/2(d); 735 ILCS 5/13-202. Jebrin died on July 18, 2019, [1-1] ¶ 11, which means the statute of limitations expired on July 18, 2021. Plaintiffs filed their amended complaint joining Bober on August 3, 2021, [10], sixteen days after the statute-of-limitations window

5

closed. Plaintiffs make no argument that the statute of limitations was tolled, so unless joinder of Bober relates back to the original complaint, the joinder has no possibility of success in state court on remand.

Under Illinois law, an amendment relates back to the original filing if three conditions are met: the original complaint was filed within the statute of limitations; the person against whom the action is brought received notice of it within the appropriate time frame, and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her"; and the cause of action in the amended pleadings grew out of the same transaction or occurrence as that in the original pleading. *See* 735 ILCS 5/2-616(d).

This statutory language "substantially mirrors" Federal Rule of Civil Procedure 15(c). *Walstad v. Klink*, 2018 IL App (1st) 170070, ¶ 19. That similarity is no surprise, given that the 2002 amendments to § 2-616(d) were intended to "bring [it] into line with" Rule 15(c). *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 42 (citation and quotations omitted). Federal cases interpreting 15(c) are thus "persuasive authority" for interpreting § 2-616(d). *Id.* ¶ 45.

Rule 15(c)(1)(C) provides, in relevant part, that an amendment relates back when the party to be brought in by the amendment: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should

have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

At issue here (and mirroring the second clause of § 2-616(d)) is 15(c)(1)(C)(ii). That section contains two clauses, each of which imposes its own distinct requirement and is analyzed separately. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000). The defendant had to have been on notice that they would be sued, and the plaintiff had to have made a mistake. Here, the question is whether inadequate knowledge of a defendant's identity, as opposed to inaccurate knowledge, constitutes a mistake. It does not. *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021).

"[A] plaintiff's deliberate choice to sue one party over another while 'fully understanding factual and legal differences' between them is 'the antithesis of making a mistake concerning the proper party's identity.'" *Id.* (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010)). The relevant inquiry is whether the plaintiff knew what he didn't know or didn't know what he didn't know. *Id.* The latter is a mistake; the former is not. Here, plaintiffs knew what they didn't know (the general manager's identity). In their original complaint, they twice referred to Life Time's "employees" and "agents," [1-1] ¶¶ 9–10, and mentioned those individuals' duty to "operate and maintain [the] facility in a reasonably safe manner" and "reasonably supervise and assist" people using the facility. *Id.* ¶ 10. The employees and agents weren't added as named parties because plaintiffs didn't know their

names. *See* [16] at 4. This is not a mistake for the purposes of 15(c)(1)(C)(ii), and in turn, § 2-616(d).

Plaintiffs argue that *Krupski v. Costa Crociere S.p.A.* precludes this holding. [19] at 3–4. They say *Krupski* made clear that "relation back under Rule 15(c)(1)(C) depends on what the party to be added [as a defendant] knew or should have known, not on the amending party's knowledge." *Id.* (quoting *Krupski*, 560 U.S. at 541). But this language does not sweep as broadly as plaintiffs think it does. *Krupski* held that a plaintiff's knowledge of a defendant's existence doesn't preclude a finding that she made a mistake by not naming that defendant. *Krupski*, 560 U.S. at 549. And while it did shift focus to the defendant's knowledge, the Court noted that the plaintiff's knowledge is still relevant "if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 548. That is the case here. Plaintiffs' original and amended complaints show that they didn't confuse Bober with another party; they simply waited until they knew Bober's identity. Their choice was not "a wrong action proceeding from inadequate knowledge; it [was] a proper action on account of inadequate knowledge." *Herrera*, 8 F.4th at 499.

Plaintiffs argue that the meaning of "mistake" under § 2-616(d) encompasses this scenario. [19] at 4. They cite *Zlatev v. Millette*, which held that "a plaintiff's lack of knowledge regarding a party's identity … may constitute a mistake of identity under [§] 2-616(d)." 2015 IL App (1st) 143173, ¶ 4. *Zlatev*, in turn, relied on *Borchers*, 2011 IL App (2d) 101257, ¶¶ 48–52 (a lack of knowledge about the identity of all of those involved in the alleged wrongdoing qualifies as a mistake concerning the

identity of the proper party for the purposes of the relation-back doctrine). But the broad reading of "mistake" taken from some passages in *Zlatev* and *Borchers* misses the critical point: a lack of knowledge can be a mistake only when tied to a "wrong action." *See Herrera*, 8 F.4th at 499. Now that the Seventh Circuit has held that inadequate knowledge of a defendant's identity is not a mistake unless tied to a wrong action, *Herrera*, 8 F.4th at 497, I conclude that Illinois courts interpreting § 2-616(d) today would follow suit and find that plaintiffs' inadequate knowledge of Bober's identity was not a mistake. Plaintiffs correctly point out that I must resolve issues of law in their favor at this stage. *See Poulos*, 959 F.2d at 73. But that does not mean that I must ignore the correct application of the rule; if I predict no possibility that the Illinois court would rule against Bober and his statute-of-limitations argument, then remand is pointless.

Plaintiffs ran out of time to add Bober (even when measured by their announced intention on July 30), so there is no possibility their claim against Bober can succeed on remand.

### 2. *Timing of Joinder*

Plaintiffs argue that the timeliness factor weighs in their favor because they timely filed their amended complaint under Rule 15(c). [16] at 5. But the timing factor is not about deadline compliance. It is instead about what the timing of amendment says about the plaintiff's motive. *See Schur*, 577 F.3d at 767. Plaintiffs amended their complaint on August 3, [10], just four days after Life Time removed the case to federal court, [1]. Joining a non-diverse defendant "immediately after removal, but without additional discovery" would usually suggest that joinder is solely for the purposes of

9

defeating diversity jurisdiction. *Schur*, 577 F.3d at 767. Here, though, plaintiffs announced their intention to join Bober on July 30, [1-1], before Life Time filed a notice of removal, [1], but still after the expiration of the limitations period. So the timing is not so suspicious as to suggest jurisdictional manipulation, but it doesn't have an innocent explanation either. This factor is neutral.

### 3. *Injury*

The third joinder factor asks "whether the plaintiff will be significantly injured if joinder is not allowed." *Schur*, 577 F.3d at 759. Plaintiffs say that denying joinder will put them "in a situation where they establish their case against the employers' local employees/agents so well that at trial the parent corporation argues it is not liable under respondeat superior and new claims against the individuals are untimely." [16] at 4. I take plaintiffs to mean that if Bober is not joined, Life Time will avoid liability by shifting the blame to Bober or other employees. But plaintiffs will not be able to hold those individuals to account because the statute of limitations will have run.

All of that may be true. But the counterfactual is just as injurious to plaintiffs. If I allow joinder and remand to state court, the state court itself will deny joinder under § 2-616(d) because Bober's joinder does not relate back to the original complaint, as explained above. Either way, Bober is out of the case. The injury factor does not weigh in favor of allowing joinder.

### 4. *Other Equitable Considerations*

Plaintiffs say they plan to add more non-diverse defendants in future amended complaints. *Id.* at 6. As was the case with Bober, plaintiffs did not know the identity

10

of these to-be defendants when they first filed in state court. *Id.* Given these future amendments, they argue that "[c]onsiderations of judicial economy weigh in favor of joinder and remand." *Id.* Plaintiffs seem to be saying that I will eventually have to remand this case anyway because, even if I deny Bober's joinder, more non-diverse defendants will be added later. But this assumes that I would grant those motions to join, which is far from clear. This factor does not weigh in favor of allowing joinder.

## IV. Conclusion

In sum, plaintiffs did not make a mistake when they failed to name Jonathan Bober in the original complaint. Their amended complaint joining Bober thus does not relate back to the original complaint. That means the claim against Bober has no chance of success on remand, and I therefore deny joinder under § 1447(e). Bober is dismissed from the amended complaint without prejudice. That leaves Life Time as the sole remaining defendant. Subject-matter jurisdiction exists over the dispute and I deny plaintiffs' motion to remand. Life Time must answer the amended complaint by November 9, 2021.

ENTER:

Manish S. Shah
United States District Judge

Date:   October 25, 2021

11